IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B SWEAT, III,

    Plaintiff,

v.                                                         No. 20-cv-254 WJ-KK

JAIME MONTOYA, *et al*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Mr. Alree B. Sweat III's Notice of Appeal to This Court From State Court (Doc. 1) (Notice of Appeal).  Also before the Court are his motions for leave to proceed *in forma pauperis* and to appoint counsel (Docs. 2, 3).  Mr. Sweat purports to appeal a state ruling dismissing his claims under the New Mexico Tort Claims Act (TCA), N.M.S.A. § 41-4-16(A).  After reviewing the matter *sua sponte*, the Court will direct Mr. Sweat to show cause why this case should not be dismissed for lack of jurisdiction.

**I.**    **Background**

    Mr. Sweat's underlying claims pertain to his arrest and prosecution in September 2012. (Doc. 1 at 27).  He initially filed claims for excessive force, racial profiling, and malicious prosecution in Federal District Court, Case No. 15-cv-226 RB-SMV.  The Court (Hon. Robert Brack) dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over any state tort claims.  (Doc. 90 in 15-cv-226 RB-SMV).  Mr. Sweat refiled his TCA claims in New Mexico's Third Judicial District Court.  (Doc. 1 at 4).  The state court entered summary judgment in favor of the defendants, finding, inter alia, that Mr. Sweat failed to comply with the TCA notice provision and that the claims were time-barred.  *Id.* at 25-27.  The New Mexico Court of Appeals (NMCA) affirmed the ruling, and the New Mexico Supreme Court

(NMSC) denied certiorari review. *Id.* at 1, 24-25.

On March 19, 2020, Mr. Sweat filed the Notice of Appeal in this Court. (Doc. 1). The Notice of Appeal cites the Federal Rules of Civil Procedure and sets out the following "questions presented" for appeal:

1. Did the state trial court err in finding Mr. Sweat failed to comply with TCA notice requirements under N.M.S.A. § 41-4-16?

2. Did the state trial court err in applying the statute of limitations, based on the continuing wrong doctrine?

3. Did the NMCA err in holding that N.M.S.A. § 41-4-16 applies to claims against a public employee?

4. Did the NMCA err in holding preclusion principles barred certain claims?

5. Did the state trial court and the NMCA err in refusing to appoint counsel?

(Doc. 1 at 1-6).

Mr. Sweat seeks to have this Court review and/or vacate the state court's summary judgment against him through an exercise of supplemental jurisdiction over "state law tort claims" and appellate jurisdiction under 28 U.S.C. § 1291. (Doc. 1 at 7). The Notice of Appeal attaches copies of a state court motion to dismiss; the NMCA decision; and Mr. Sweat's NMSC certiorari petition. Mr. Sweat filed a properly supported motion to proceed *in forma pauperis* along with a motion to appoint counsel, and the case is ready for initial review.

## II. Pending Motions

As an initial matter, Mr. Sweat seeks to prosecute this civil action in Federal Court without prepaying the $400 filing fee. His financial certificate reflects he is eligible for such relief. The

Court will therefore grant the *in forma pauperis* motion (Doc. 3), which reduces the fee to $350.00, and allow Mr. Sweat to pay in installments. *See* 28 U.S.C. § 1915(b). Mr. Sweat must make an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint…" *Id.* Mr. Sweat's financial certificate reflects his average monthly deposits equal $86.87, and his average monthly balance is $206.47. (Doc. 6 at 3-5). The Court will assess an initial payment of $41.29 (which is 20% of the greater figure, $206.47) pursuant to § 1915(b)(1)(A). If Mr. Sweat fails to timely make the initial partial payment, the case may be dismissed without further notice.

Mr. Sweat also asks the Court to appoint counsel. Federal Courts cannot appoint counsel in civil matters; they can only request that an attorney take a case on a *pro bono* basis. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). There is no basis for this remedy here because, as discussed below, it appears the Court lacks jurisdiction to grant relief. The Court will therefore deny the motion to appoint counsel (Doc. 2).

### III.   *Rooker-Feldman* **and Jurisdiction**

"The *Rooker-Feldman* doctrine ... provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)). The doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (*Rooker-

*Feldman* forecloses "appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Here, Mr. Sweat lists five errors by the state courts and explicitly asks the Federal Court to review and/or vacate the final state court ruling granting summary judgment on his TCA claims. The requested relief is exactly "[w]hat is prohibited under *Rooker-Feldman*[,]" as it "tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte*, 880 F.3d at 1174. The appellate-jurisdiction statute cited by Sweat, 28 U.S.C. § 1291, does not change the analysis. Section 1291 simply states that the federal court of appeals has jurisdiction over appeals from final decisions by federal district courts. It does not, as Mr. Sweat contends, grant federal jurisdiction over appeals from state court decisions.

For these reasons, Mr. Sweat must show cause within thirty (30) days of entry of this Order why this federal action should not be dismissed for lack of jurisdiction. If Mr. Sweat concedes the point, he may decline to respond to this Order. The failure to timely respond and/or establish a basis for federal jurisdiction will result in dismissal of this case without further notice.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**; and within thirty (30) days from entry of this order, Mr. Sweat shall send to the Clerk an initial partial payment of **$41.29**.

**IT IS FURTHER ORDERED** that his Motion to Appoint Counsel (**Doc. 2**) is **DENIED**.

**IT IS FINALLY ORDERED** that within 30 days of entry of this Order, Mr. Sweat must show cause, if any, why this case should not be dismissed without prejudice for lack of jurisdiction.

_____
UNITED STATES MAGISTRATE JUDGE