IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B SWEAT, III,

    Plaintiff,

v.                                                        No. 20-cv-254 WJ-KK

JAIME MONTOYA, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Alree Sweat III's show-cause response regarding jurisdiction (Doc. 8). In his opening pleading, Alree purports to appeal a state summary judgment ruling on his claims under the New Mexico Tort Claims Act (TCA), N.M.S.A. § 41-4-16(A). After reviewing his show-cause response, the Court will dismiss this case without prejudice.

## BACKGROUND

Sweat's underlying claims pertain to his arrest and prosecution in September 2012. (Doc. 1 at 27). He initially filed claims for excessive force, racial profiling, and malicious prosecution in Federal District Court, Case No. 15-cv-226 RB-SMV. The Court (Hon. Robert Brack) dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over the state TCA claims. (Doc. 90 in 15-cv-226 RB-SMV). Sweat refiled his TCA claims in New Mexico's Third Judicial District Court. (Doc. 1 at 4). The state court entered summary judgment in favor of the defendants, finding, inter alia, that Sweat failed to comply with the TCA notice provision and that the claims were time-barred. *Id.* at 25-27. The New Mexico Court of Appeals (NMCA) affirmed the ruling, and the New Mexico Supreme Court (NMSC) denied certiorari review. *Id.* at 1, 24-25.

On March 19, 2020, Sweat filed an opening pleading titled "Partially Amending Notice of Appeal to This Court from the State Court" (Doc. 1). The pleading cites the Federal Rules of Appellate Procedure sets out the following "questions presented" for appeal:

1. Did the state trial court err in finding Sweat failed to comply with TCA notice requirements under N.M.S.A. § 41-4-16?

2. Did the state trial court err in applying the statute of limitations, based on the continuing wrong doctrine?

3. Did the NMCA err in holding that N.M.S.A. § 41-4-16 applies to claims against a public employee?

4. Did the NMCA err in holding preclusion principles barred certain claims?

5. Did the state trial court and the NMCA err in refusing to appoint counsel?

(Doc. 1 at 1-6).

In his prayer for relief, Sweat asks the Court to exercise supplemental jurisdiction over "state law tort claims" and appellate jurisdiction under 28 U.S.C. § 1291. (Doc. 1 at 7). The pleading attaches copies of a state court motion to dismiss; the NMCA decision; and Sweat's NMSC certiorari petition. By a Memorandum Opinion and Order entered July 24, 2020, the Court advised Sweat that under the *Rooker-Feldman* doctrine, federal courts cannot review state court decisions. Sweat was therefore directed to show cause why his matter should not be dismissed for lack of jurisdiction. Sweat filed his response on August 10, 2020 (Doc. 8).

## DISCUSSION

"The *Rooker-Feldman* doctrine ... provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169,

1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)).  The doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  *See also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (*Rooker-Feldman* forecloses "appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

As noted in the prior Order, Sweat asserts five errors by the state courts and explicitly asks the Federal Court to review and/or vacate the final state ruling granting summary judgment on his TCA claims.  The requested relief is exactly "[w]hat is prohibited under *Rooker-Feldman*[,]" as it "tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment."  *Mayotte*, 880 F.3d at 1174.  The prior Order also explained that the appellate-jurisdiction statute cited by Sweat, 28 U.S.C. § 1291, does not change the analysis.  Section 1291 simply states that the federal appellate courts have jurisdiction over appeals from final decisions by federal district courts.  It does not grant federal jurisdiction over appeals from state court.

In his show-cause response, Sweat contends the Court has jurisdiction over the opening pleading because it raises federal questions, and pursuant to 28 U.S.C. §§ 1254, 1331, 1367, and 2102.  (Doc. 8 at 1).  The show-cause response cites various U.S. constitutional provisions, in an effort to bolster his jurisdiction argument.  Sweat also provides more detail about how the NMCA erred with respect to his TCA claims.  He argues "this case presents a fundamental question of the

interpretation of State Court[] decision[s]," and that the state ruling was contrary to federal law and equal protection standards.  *Id.* at 7, 9.

Sweat's attempt to create federal-question jurisdiction through his show-cause response is spurious.  "[F]ederal question jurisdiction must appear on the face of the complaint."  *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted).  Courts must "look to the way the complaint is drawn" and ask, is it "drawn so as to claim a right to recover under the Constitution and laws of the United States?"  *Id.*  The opening pleading here is not even drawn as a complaint; it is a "Partially Amending Notice of Appeal to This Court from the State Court."  (Doc. 1).  The body of the pleading consists of "questions presented" for the appeal, and the request for relief asks the Federal Court to exercise appellate jurisdiction over the attached state ruling.  *Id.* at 1-7.  Sweat cannot overcome the *Rooker-Feldman* doctrine by simply alleging that a state ruling in a civil tort matter violates federal law.

To the extent the show-cause response attempts to raise a claim that the "defendants violated the plaintiff's right under the United States Constitution," this argument is also unavailing.  (Doc. 8 at 1).  Sweat contends his September 2012 traffic stop violated the Due Process and Equal Protection Clauses.  *Id.* at 3.  However, as noted above, Judge Brack already considered and rejected those federal claims in 2016.  (Doc. 90 in Case No. 15-cv-226 RB-SMV).  Sweat nearly acknowledges the ruling, complaining that Judge Brack "failed to honor" the supplemental jurisdiction provisions of 28 U.S.C. § 1367 by dismissing the TCA claims without prejudice. Sweat cannot resurrect the dismissed federal claims through his show-cause response, so he can then try to convince a different federal judge to exercise supplemental jurisdiction over TCA claims the state court just dismissed.

The Court further finds that, as with the opening pleading, the statutes cited in the show-cause response do not establish a basis for federal jurisdiction. Sweat contends the Court can review the state summary judgment ruling under 28 U.S.C. §§ 1254, 1331, 1367, and 2102. Section 1254 addresses certiorari review by the United States Supreme Court and has no bearing on review by federal district courts. Sections 1331 and 1367 address federal question and supplemental jurisdiction, respectively. As noted above, those statutes do not confer jurisdiction in this case. Section 2102 is similarly irrelevant, stating the United States Supreme Court will prioritize criminal appeals over other matters.

For these reasons, the show-cause response fails to establish a basis for federal jurisdiction. This proceeding is clearly an attempt to appeal the state summary judgment ruling, and such review is barred by the *Rooker-Feldman* doctrine. The Court will dismiss Sweat's Partially Amending Notice of Appeal to This Court from the State Court (Doc. 1) without prejudice for lack of jurisdiction.

**IT IS ORDERED** that Alree Sweat's Partially Amending Notice of Appeal to This Court from the State Court (**Doc. 1**) is **DISMISSED without prejudice** for lack of jurisdiction.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE